IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

RICHARD K. HART,

        Petitioner,
  vs.                                        **Case No. 09-3064-RDR**

COMMANDANT, USDB,
Fort Leavenworth, Kansas,

        Respondent.

---

**MEMORANDUM AND ORDER**

Petitioner is a former United States Army member who is incarcerated at the United States Disciplinary Barracks at Fort Leavenworth, Kansas. This case is before the court upon petitioner's pro se action for habeas corpus relief pursuant to 28 U.S.C. § 2241. Upon review of the materials before the court, the court shall deny the petition.

I. CASE HISTORY

In military court, petitioner received convictions for: 1) voluntary manslaughter of his wife on or about August 9, 2003; 2) assaulting his wife on or about December 9, 2000; 3) assaulting his daughter on or about December 17, 2002; 4) obstructing justice on or about August 12, 2003; 5) disobeying a superior officer on or about December 16, 2003; and 6) adultery on diverse occasions between January 1, 2000 and August 9, 2003. The first two convictions occurred after a trial to a military judge. The remaining four convictions were the result of guilty pleas.

Petitioner was sentenced to 26 years confinement and dismissal from the Army.

Petitioner's request for a reduction of sentence via an order of clemency was denied.

Petitioner appealed his sentence and convictions to the United States Army Court of Criminal Appeals (ACCA). He raised the following arguments, among others, before the ACCA:

> 1) The military judge erred by failing to reopen the providence inquiry when facts raised during the merits phase of the court-martial raised the possible defense of mistake of law. Petitioner argued that the guilty plea to the charge of disobeying a superior officer should have been reopened because testimony at his trial indicated that his defense attorney told him that it was his decision whether or not to obey an order to provide handwriting exemplars because there was an ongoing legal debate as to whether the order was lawful and must be obeyed.[1]
>
> 2) The military judge erred by denying the motion to sever the assault, adultery, and failure to obey a lawful order charges which led to prejudice against petitioner.[2]
>
> 3) The military judge erred in admitting allegations of prior bad acts which had nothing to do with the charge of murder and had already been adjudicated by a prior chain of command.[3]
>
> 4) The military judge erred by denying the motion to suppress an uncharged allegation of assault at Fort Polk,

---

[1] This is the second argument raised in the petition before the court.

[2] This is the third argument raised in the petition before the court.

[3] This is the fourth argument raised in the petition before the court.

2

Louisiana to be introduced as evidence during the trial.[4]

5) The approved sentence of 26 years confinement is inappropriately severe in comparison with other cases, petitioner's record of military service, and the circumstances of the offense.[5]

6) The military judge erred by denying the defense motion for a continuance and other cumulative errors caused by the government warranted a reversal or a new trial.[6]

The ACCA upheld petitioner's convictions and sentence stating:

> On consideration of the entire record, including consideration of the issues personally specified by the appellant, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

Petitioner appealed to the Court of Appeals for the Armed Forces (CAAF). Petitioner raised the issues he raised before the ACCA. Petitioner also claimed that the circumstances of his pretrial detention constituted unlawful pretrial punishment which violated his right to due process.[7] The CAAF denied petitioner's action for review of the ACCA's decision. Neither the ACCA nor the CAAF discussed the issues raised by the parties in the decisions upholding petitioner's convictions and sentence.

---

[4] This is the fifth argument raised in the petition before the court.

[5] This is the sixth argument raised in the petition before the court.

[6] This is the seventh argument made in the petition before the court.

[7] This is the eighth and last argument made in the petition before the court.

3

Some of petitioner's issues before the ACCA and CAAF were brought pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982). This means that the issues were raised personally, not through appellate defense counsel. Nevertheless, petitioner set forth his Grostefon issues in legal and factual detail. Some of petitioner's issues before the ACCA and CAAF were raised by appellate defense counsel _and_ as Grostefon issues. The government's appellate counsel made lengthy responses to the issues regarding: the alleged mistake at law; the severity of petitioner's sentence; and the alleged pretrial punishment.[8]

II. SCOPE OF REVIEW and BURDEN OF PROOF

Habeas corpus relief can be granted under § 2241 to a federal prisoner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The court has limited authority to review court-martial proceedings for such error. Our scope of review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts. Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir. 1993), cert. denied, 510 U.S. 1091 (1994). If the issues have been given full and fair consideration in the

---

[8] Respondent has noted that the ACCA's Internal Rules of Practice and Procedure do not require government appellate counsel to address each Grostefon issue and that the Court as a general rule will decide Grostefon issues without requesting further submissions from either party. See Rule 15.3(c).

4

military courts, the district court should not reach the merits and should deny the petition. Id. When a military court decision has dealt fully and fairly with an allegation raised in a federal habeas petition, it is not open to the federal court to grant the writ by reassessing the evidentiary determinations. Burns v. Wilson, 346 U.S. 137, 142 (1953). As the Supreme Court stated:

> [I]t is not the duty of the civil courts simply . . . to re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the applications for habeas corpus. It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims.

Id. at 144.

A four-factor test aids the court in deciding whether the merits of a military habeas claim have been fully and fairly considered by the military courts. These factors are: 1) whether the asserted error is of substantial constitutional dimension; 2) whether the issue is one of law rather than of disputed fact already determined by the military tribunals; 3) whether military considerations may warrant different treatment of constitutional claims; and 4) whether the military courts gave adequate consideration to the issues involved and applied proper legal standards. Roberts v. Callahan, 321 F.3d 994, 996-97 (10th Cir. 2003).

An issue may be deemed to have been given "full and fair consideration" when it has been briefed and argued, even if the

military court summarily disposes of the matter. Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.), cert. denied, 476 U.S. 1184 (1986). The fact that the military court did not specifically address the issue in a written opinion is not controlling. Lips, 997 F.2d at 821, n. 2. Instead, "when an issue is briefed and argued" before a military court, the Tenth Circuit has "held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not find the issue meritorious or requiring discussion." Id., citing Watson, 782 F.2d at 145. The burden is on the petitioner to show that the military review was "legally inadequate" to resolve his claims. Watson, 782 F.2d at 144, citing Burns, 346 U.S. at 146. Without such a showing, the federal court cannot reach the merits. Id.

III. DISCUSSION

The petition in this case first argues without elaboration that the ACCA and the CAAF did not provide full and fair review of petitioner's appellate issues. The remaining arguments in the petition are the same arguments which were presented to the ACCA and CAAF either through counsel or as Grostefon issues.

Petitioner offers no argument or evidence to support his claim that the ACCA and CAAF did not fully and fairly review his issues on appeal. Thus, he has failed to satisfy his burden of proof on this issue. See Fletcher v. Outlaw, 578 F.3d 274, 278-79 (5th Cir.

6

2009) (petitioner's implicit argument that military courts were wrong on the merits of his habeas claims is insufficient to show a lack of full and fair review). Every other claim petitioner has raised was briefed for the military courts. The ACCA stated that it reviewed the entire record and considered the arguments raised by petitioner personally and by petitioner's counsel. Absent evidence that the military courts did not give his claims full and fair consideration, the court concludes that the military review was adequate and that the petition for habeas relief must be denied. In reaching this decision the court has considered the constitutional dimension of petitioner's claims, the treatment of those claims at the trial and appellate level, and the mixture of factual and legal issues within petitioner's claims.

IV. CONCLUSION

For the above-stated reasons, the court shall deny the petition for habeas corpus relief.

**IT IS SO ORDERED.**

Dated this 27th day of October, 2010 at Topeka, Kansas.

                                             s/Richard D. Rogers
                                             United States District Judge